UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CATHERINE LOUISE AUSTIN,   CASE NO.: 1:12-CV-728

    Plaintiff,   Barrett, J.
                                        Bowman, M.J.
    v.

COMMISIONER OF SOCIAL SECURITY,

    Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation recommending that the final decision of Defendant Commissioner of Social Security to deny Disability Insurance Benefits to Plaintiff Catherine Louise Austin be affirmed.  (Doc. 15). Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c).  (Doc. 15, p. 18).  Plaintiff Catherine Louise Austin filed timely objections to the Report and Recommendation.  (Doc. 16). This matter is now ripe for review.

**I.    BACKGROUND**

The procedural background and the pertinent facts have been adequately summarized in the Report and Recommendation (*see* Doc. 15), and thus, will not be repeated here.  Where necessary in addressing the objections, the Court will identify the background or evidence that is relevant to its decision.  However, the Court reiterates that Plaintiff must establish that she was disabled between her onset date of September 19, 2000 and her date last insured of December 31, 2002 to qualify for Disability Insurance Benefits ("DIB").

**II.    STANDARDS OF REVIEW**

1

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).  After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).  General objections are insufficient to preserve any issues for review:  "[a] general objection to the entirety of the magistrate[ judge]'s report has the same effects as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Only specific objections are entitled to de novo review under the Magistrate Judge's Act, 28 U.S.C. § 636.  *Id.*; *see also Fairfield v. Wacha*, No. 1:07-cv-948, 2008 U.S. Dist. LEXIS 15119, at *4-5 (W.D. Mich. Feb. 28, 2008) (citing *Ferguson v. Comm'r of Soc. Sec. Admin.,* No. 1:07-cv-247, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Jan. 28, 2008); *Westbrook v. O'Brien*, No. 1:07-cv-937, 2008 U.S. Dist. LEXIS 5965 (W.D. Mich. Nov. 15, 2007); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986)).  The reason for that requirement is that:

> [t]he district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless.  The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks.  This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard*, 932 F.2d at 509.  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong and how de novo review will obtain a different result on that particular issue.  *Id.*  Merely restating arguments previously presented, stating a disagreement with a magistrate judge's suggested resolution, or simply summarizing what has been presented before is not a specific objection that alerts the district court to the alleged errors on the part of the magistrate judge.  *Id*. at 508-09; *see also Neuman v. Rivers*, 125

F.3d 315, 323 (6th Cir. 1997), *cert. denied*, 522 U.S. 1030, 118 S. Ct. 631, 139 L. Ed. 610 (1997).

In reviewing the Commissioner's denial of benefits, the Court must determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). In conducting this review, the court should consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994).

### III. ANALYSIS

Having reviewed the Magistrate Judge's recommended disposition de novo in light of Plaintiff's objections, the Court holds that the Administrative Law Judge ("ALJ") did not commit reversible error and that the decision of the Commissioner is affirmed.

#### A. First Objection

Plaintiff's first objection is that the Magistrate Judge engaged in an impermissible post-hoc rationalization of the ALJ's decision to discredit the opinions of treating physician Geraldine Wu, M.D. set forth in the April 19, 2010 Mental Health RFC Assessment. (Doc. 16, pp. 9-13). The Court disagrees.

Contrary to Plaintiff's assertions, the Magistrate Judge did not improperly advance new grounds to rationalize the ALJ's decision. Instead, the Magistrate Judge did exactly what she is required to do—she determined whether the grounds identified by the ALJ were substantially supported by the evidence referenced in his decision.

3

In accordance with 20 C.F.R. § 404.1527(c) and Social Security Ruling 96-2p, the ALJ identified lack of supportability and inconsistency with other evidence concerning the relevant timeframe as the grounds upon which he discounted Dr. Wu's opinion. (Tr. 18). Specifically, he explained:

> Less weight is given to Geraldine Wu, M.D. Dr. Wu completed a Mental RFC Assessment dated April 19, 2010 in which she opined that the claimant has a poor ability to make occupational adjustments, performance adjustments, and most personal-social adjustments (Exhibit 5F/1, 2). Dr. Wu is a treating source. . . A treating source opinion may be entitled to controlling weight where it is well-supported by and not inconsistent with the objective medical evidence. Here, I find that Dr. Wu's opinion is not entitled to such deference.
>
> Specifically, Dr. Wu opined that claimant has difficulty negotiating basic activities of daily living and is able to function with minimal stress only ([Exhibit 5F/2]). She opined that the claimant cannot negotiate any job-related work issue and is unable to talk to others without crying and becoming agitated (*Id.* at 3). More recent documents, including Exhibit 9F, [do] not support the limitations set forth in this assessment. Finally, the doctor makes no distinction as to the relevant time periods covered by his assessment. While the claimant's mental condition may have deteriorated in recent years, the objective evidence simply does not support the presence of such extensive limitations existing on or before the date she was last insured for these benefits.

(Tr. 18).

In light of the above, the Magistrate Judge properly and correctly considered Exhibit 9F and "more recent documents" to determine if they substantially support the ALJ's determination. (Doc. 15, pp. 7-11). Exhibit 9F contains Plaintiff's treatment records from Wu for a period between 2000 and 2005. As the Magistrate Judge correctly recognized, although there are record indicating her observations that Plaintiff was not doing well, there also are multiple references therein that reflect a fairly active life and a positive outlook, which support the ALJ's determination. (*See* Doc. 15, pp. 11-12) (citing multiple portions of Exhibit 9F that support the ALJ's decision). As for "more recent documents," one that concerns whether Wu's opinion is

4

reflective of Plaintiff's condition during the relevant timeframe is the March 12, 2011 letter from Wu. (Tr. 240). As the Magistrate Judge again correctly acknowledged, Wu states in that letter to Plaintiff's counsel that she believes Plaintiff's GAF score for the *past 18 months* should be lowered to 45, but she makes no mention of adjusting the GAF scores prior to that time, which consistently were 60 to 70 or higher. (*Id.*)[1] She also emphasizes Plaintiff's "deterioration over the last 3 years" and specifically notes that her symptoms have dominated her life for "the last year or so" rendering her able only to clean her house and cook meals. (*Id.*) That letter does not indicate that Plaintiff's condition remained the same during the relevant timeframe through that date. (*See id.*). Rather, it suggests, consistent with the ALJ's decision, that Plaintiff's condition deteriorated years after the date last insured.

The Magistrate Judge also properly and correctly considered the ALJ's statement that. Wu did not distinguish the relevant time periods covered by his assessment. (Doc. 15, p. 10). To determine whether that statement is supported by substantial evidence, the Magistrate Judge looked to the assessment itself. Consistent with the ALJ's decision, the assessment identifies the relevant timeframe as "prior to 12/31/2002 to ongoing" without explaining whether or to what extent Plaintiff's condition changed or remained consistent over that ten-year timeframe. (Tr. 234). That lack of clarity, combined with the other evidence referenced by the ALJ that demonstrated a change in her condition after the relevant timeframe, provides substantial support for the grounds identified by the ALJ for discounting Wu's opinion.

Although the Magistrate Judge also identified other evidence – including the notes of therapist Emily Bart – that support the ALJ's discounting of Wu's opinion (Doc. 15, pp. 12-13),

---

[1] Although GAF scores do not correspond precisely with work abilities, they reflect a clinician's gauge of an individual's overall level of functioning and ability to carry out activities of daily living that an ALJ is not prohibited from reviewing when evaluating the record as a whole. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002).

consideration of such additional supporting evidence does not constitute a post-hoc rationalization but rather constitutes a thorough and correct analysis of the record evidence to determine whether, as a whole, it is consistent with the evidence relied upon by the ALJ in reaching his decision. *See Hephner,* 574 F.2d at 362.

For each of those reasons, the Court finds no error by the Magistrate Judge. Plaintiff's first objection is overruled.

### B. Second Objection

Plaintiff's second objection is a multi-part objection relating to whether the ALJ's decision was supported by substantial evidence in the record as a whole. (Doc. 16, p. 13).

#### 1. ALJ's Finding No. 1

Plaintiff takes issue with two statements made by the ALJ in determining that claimant had to establish disability on or before her date last insured of December 31, 2002. (Doc. 16, pp. 13-14). First, she contends that the ALJ's citation to *Bagby v. Harris*, 650 F.2d 836 (6th Cir. 1981) contained a typographical error and was improper because contrary to the ALJ proposition it did not discuss "'new developments in claimant's impairments after the expiration of insured status." (Doc. 16, p. 14) (quoting Tr. 13). Although the Court agrees that the ALJ may have made a typographical error in the citation, *Bagby* plainly discusses the issue for which it is relied upon. Specifically, in discussing the claimant's motion for leave to amend her complaint for review of a denial of her social security benefits, the *Bagby* court held that "[e]vidence of new developments of her mental condition subsequent to the expiration of her insured status would not be relevant." *Bagby*, 650 F.2d at 839.

Second, she complains that the ALJ improperly relied upon *Johnson v. Secretary*, 679 F.2d 605 (6th Cir. 1982) for the proposition that "'evidence [after insured status] may only be

6

examined when it establishes that the impairments existed continuously and in the same degree from the date the claimant's insured status terminated" (Doc. 16, p. 16) (quoting Tr. 13). However, that argument is belied by Plaintiff's own explanation of the case. In *Johnson*, the circuit court determined that the decision of the Secretary of Health, Education and Welfare in regards to application of insurance benefits was not supported by substantial evidence where the ALJ found the claimant not disabled despite the fact that he was institutionalized and diagnosed as having a severe mental illness just sixteen days after his date last insured. 679 F.2d at 607. The circuit court indicated that such evidence should have been considered because as a matter of common sense it could have showed that the claimant had suffered from that same level of mental illness prior to his date last insured. *Id.* In other words, it was evidence that could show that he suffered from the same degree of disability continuously over that sixteen day period and prior to his date last insured. *Id.* That holding is consistent with the statement made by the ALJ.

Accordingly, Plaintiff's objections as to Finding No. 1 are overruled.

### 2. ALJ's Finding No. 5

Plaintiff contends that the ALJ improperly relied upon a statement of Todd Finnerty, Psy.D. on his August 27, 2009 Mental RFC form in making his RFC finding. (Doc. 16, p. 15). She argues that he improperly gave "great weight" to that opinion of Finnerty and the opinion of Steven J. Meyer, Ph.D. that concurred with the opinion of Finnerty because they did not review medical records from the alleged onset date of September 19, 2000 through her date last insured of December 31, 2002. (Doc. 16, pp. 15-19). She states that those opinions were entitled to "little weight" because they were contrary to the opinion of Wu. (Doc. 16, pp. 16-19).

Plaintiff's objection does not explain how the Magistrate Judge's analysis was wrong or how de novo review will obtain a different result. Rather, it appears merely to restate the

7

arguments previously presented to the Magistrate Judge or a general disagreement with the Magistrate Judge's recommendation. As such, the Court is not alerted to any specific errors and therefore need not further consider the objection.

Nevertheless, the Court's consideration of the objection would not bring about a different result. The Magistrate Judge's analysis of the issue is both thorough and correct, and thus, it is incorporated here. (Doc. 15, pp. 13-15). Given the conclusion that the ALJ did not commit reversible error by crediting the opinions of Finnerty and Meyer, Plaintiff's objections as to Finding No. 5 on this basis are overruled.

Also raised as part of this objection is an argument that the ALJ impermissibly acted as a medical expert by rendering a RFC for the relevant timeframe when the medical opinions on which he relied did not evaluate the medical evidence for that timeframe. (Doc. 16, p. 19). Plaintiff claims that the ALJ cannot sit as a medical expert and is not competent to infer RFC findings from raw medical data. (*Id.*) She claims that his impression of the data cannot serve as "substantial evidence." (*Id.*)

Plaintiff's argument ignores the Social Security regulations that require the ALJ to consider medical opinions together with the rest of the relevant evidence. 20 C.F.R. § 404.1527(b) ("In determining whether you are disabled, we will always consider the medical opinions in your case record together with the rest of the relevant evidence we receive."); 20 C.F.R. § 404.1520b ("After we review all of the evidence relevant to your claim, including medical opinions (see § 404.1527), we make findings about what the evidence shows."); 20 C.F.R. § 404.1520b(b) ("If any of the evidence in your case record, including any medical opinion(s), is inconsistent, we will weigh the relevant evidence and see whether we can determine whether you are disabled based on the evidence we have."); 20 C.F.R. § 404.1546(c)

8

("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."). As the Sixth Circuit has recognized, "the ALJ is charged with the responsibility of evaluating the medical evidence and the claimant's testimony to form an assessment of [the claimant's] residual functional capacity." *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) (internal citations and quotations omitted) (citing *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004)). "An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding." *Coldiron*, 391 F. App'x at 439 (citing *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009); *Dixon v. Massanari*, 270 F.3d 1171, 1177-78 (7th Cir. 2001)).

Here, the ALJ did not impermissibly act as a medical expert in evaluating the record evidence. Rather than disregarding the record evidence or opinions in reaching his decision, he determined, in accordance with the regulations and his responsibilities thereunder, the consistency of the objective medical evidence as a whole with the medical opinions. He then gave the most weight in his RFC determination to the opinion he found to be consistent with the objective medical evidence. Further, none of the additional records required the ALJ to interpret raw data beyond his ability in order to determine consistency. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726-27 (6th Cir. 2012) (ALJ did not impermissibly act as a medical expert in interpreting medical evidence, and did not interpret raw medical data beyond her ability where X-rays had already been read and interpreted by a radiologist). The records contained GAF scores and plain language statements about Plaintiff's subjective condition, objective condition, and the therapist's assessment, and thus, needed only evaluation, not medical interpretation. (*See*

Ex. 8F; Ex. 9F). The ALJ's evaluation of the record evidence thus did not constitute reversible error.

Accordingly, Plaintiff's second objection is overruled.

### C. Third Objection

Plaintiff objects to the Magistrate Judge's decision that the ALJ articulated "good reasons" for discounting the medical source opinion of Wu. (Doc. 16, pp. 19-21). In support of that objection, he merely reiterates arguments he made in the previous two objections. (*Id.*) As such, Plaintiff's fourth objection is overruled for the same reasons as set forth with respect to the first and second objections.

### D. Fourth Objection

Plaintiff objects to the ALJ's credibility determination on the basis that he relied on the GAF scores and did not rely upon the demeanor of the witnesses. (Doc. 16, pp. 21-22). The Court construes the objections to be directed to the Magistrate Judge's statement that the ALJ's findings of credibility are to be accorded great weight and deference, "particularly since an ALJ is charged with the duty of observing a witness's demeanor and credibility," as well as to her statement that the GAF scores during the relevant period were relied upon by the ALJ in determining credibility. (*See* Doc. 15, pp. 16-17).

Plaintiff's objection is not well taken. Pursuant to 20 C.F.R. § 404.1529(c)(4), the ALJ may evaluate a claimant's statements concerning pain or other symptoms and its effect on her capacity to perform basic work activities in light of the objective medical evidence. He may also consider whether there are inconsistencies between the statements and the rest of the evidence, including her history, the signs and laboratory findings, and the statements of treating and non-treating sources and other persons about how the symptoms affect the claimant. An ALJ's

10

credibility assessment should be afforded great weight and deference, but it must be supported by substantial evidence. *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997); *see also Temples v. Comm'r of Soc. Sec.*, 515 F. App'x 460, 462 (6th Cir. 2013) (finding that the ALJ reasonably discounted the claimant's testimony concerning the severity of her pain because her testimony was inconsistent with the medical evidence in the record). Plaintiff's argument ignores multiple bases set forth in the Magistrate Judge's opinion for finding the credibility assessment to be supported by substantial evidence. (Doc. 15, pp. 16-17).

Instead, he superficially challenges an accurate proposition of law made by the Magistrate Judge, ignoring the fact that the ALJ did indeed observe the demeanor of her and her husband at the hearing even if that was not the basis upon which he discounted their credibility. Importantly, the Magistrate Judge did not suggest that the ALJ relied upon the demeanor to discount the credibility or that the demeanor factored into the decision of whether there was substantial supporting evidence.

Plaintiff also challenges the reliance on the GAF scores as substantial evidence because they do not reflect her work abilities. As mentioned previously, even though GAF scores do not correspond precisely with work abilities, an ALJ is not prohibited from reviewing those scores when evaluating the record as a whole. *See Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 241 (6th Cir. 2002). His consideration of the GAF scores as part of the credibility determination thus was not error, and the Court must defer to his credibility determination.

As such, Plaintiff's fourth objection is overruled.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's objections (Doc. 16) are **OVERRULED** and the Report and Recommendation (Doc. 15) is **ADOPTED** in its entirety. The decision of the

Commissioner is hereby **AFFIRMED**, and this matter shall be **CLOSED** and **TERMINATED** from the docket of this Court.

    **IT IS SO ORDERED.**

                                                    s/Michael R. Barrett
                                                    Michael R. Barrett, Judge
                                                    United States District Court